UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JIMMY DON STEVENS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-14-625-HE |
| US ATTORNEY et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Don Stevens, a pro se prisoner, has initiated the present action alleging federal civil rights violations against three named defendants. *See* Compl. (Doc. No. 1). United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Because venue is lacking in this action, the Court should order dismissal without prejudice and denial of Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2).

### I. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint raises federal civil rights claims against United States Attorney "John Doe," the United States Postal Service ("USPS"), and the United States Department of Veterans Affairs ("USDVA"). *See* Compl. at 1-2.[1] Plaintiff asserts that USPS in Tulsa, Oklahoma, is his former employer and that USDVA in Tulsa, Oklahoma, provided Plaintiff with health care. *See* Compl. at 2. Plaintiff further asserts:

---
[1] References to filings use the ECF pagination.

that he is a veteran; that the USPS violated Plaintiff's civil rights as well as unnamed civil service regulations; that a USDVA clinic in Tulsa "wrongly diagnosed veteran"; and that "local mental health provider @ clinic failed in their duty to veteran." *See* Compl. at 2-3. Plaintiff seeks compensatory and punitive damages. *See* Compl. at 3.

**II.    Venue**

The Court is obligated to conduct an initial review of Plaintiff's Complaint and to dismiss the Complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* Pl.'s App. Leave to Proceed *In Forma Pauperis*; 28 U.S.C. § 1915(e)(2). Pursuant to this duty, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider personal jurisdiction and venue on a § 1915 screening . . . .").

Plaintiff's action most reasonably is construed as seeking damages for civil rights violations pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Pursuant to 28 U.S.C. § 1391(b), such a civil action may be brought in a judicial district: (1) where any defendant resides, if all defendants are

---

[2] "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis omitted).

2

residents of the state in which the district court is located; (2) where a substantial part of the relevant events or omissions occurred; or (3) if neither of those two provisions applies, where any defendant is subject to the district court's personal jurisdiction. 28 U.S.C. § 1391(b)(1)-(3); *see Stafford v. Briggs*, 444 U.S. 527, 544-45 (1980); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.5 (2014); *Moles v. Lappin*, No. CIV-08-594-F, 2009 WL 838147, at *1, *10 (W.D. Okla. Mar. 27, 2009). Further, to the extent Plaintiff also may be alleging claims against government agencies or officials in their official capacities, venue is governed by 28 U.S.C. § 1391(e), which similarly prescribes that a civil action

> may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Alternatively, if Plaintiff's Complaint is construed as asserting a federal tort claim against the USDVA, *see* Comp. at 2 (referring to a "duty" allegedly violated by USDVA), venue would lie "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

The USPS is an independent establishment of the executive branch of the federal government, while the USDVA is an executive department of the United States. 39 U.S.C. § 201; 38 U.S.C. § 301(a). Plaintiff expressly alleges that these two Defendants reside, insofar as the events at issue in his Complaint, in Tulsa, Oklahoma. *See* Compl. at 2 (alleging that USPS and USDVA reside in, and USDVA's clinic is located in, Tulsa, Oklahoma); 28 U.S.C. § 1391(b)(1), (e)(1). In Plaintiff's *in forma pauperis* application, Plaintiff likewise describes the nature of his action, under penalty of perjury, as: "Civil

3

Rights violation by US Postal Service: Tulsa, Oklahoma[;] Civil Rights violation by Veterans Administration: Tulsa, Oklahoma." *See* Pl.'s App. Leave to Proceed *In Forma Pauperis* at 1. The City of Tulsa is located in Tulsa County, which lies in the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). The undersigned takes judicial notice that multiple USPS locations,[3] as well as several USDVA medical centers and clinics,[4] are located in Tulsa, Oklahoma.

No events are alleged to have occurred within the Western District of Oklahoma. *See* Compl. at 1-3. The third Defendant, US Attorney John Doe, is alleged to reside at a nonspecific "US Courthouse"; however, no factual assertions or legal claims are raised regarding this Defendant.[5] *See* Compl. at 1.

To the extent the Complaint's factual assertions support any legal claims, these assertions reflect that "a substantial part of the events or omissions"—here, the entirety of the relevant facts connected to USPS and USDVA—took place in Tulsa, Oklahoma. *See* Compl. at 2; 28 U.S.C. §§ 1391(b)(2), (e)(1), 1402(b). Plaintiff himself is incarcerated not in the Western District of Oklahoma, but in Fayetteville, Arkansas, which lies in the territorial jurisdiction of the Western District of Arkansas. *See* Compl. at 1; Doc. No. 1-

---

[3] *See Find Locations*, USPS.com, https://tools.usps.com/go/POLocatorAction (last visited June 19, 2014).

[4] *See Locations: Oklahoma*, U.S. Dep't of Veterans Affairs, http://www.va.gov/directory/guide/state.asp?dnum=ALL&STATE=OK (last visited June 19, 2014).

[5] The Complaint explains that "US Attorney" is named as a Defendant because "US Attorney is always the first defendant in case against the federal government." *See* Compl. at 1.

1; 28 U.S.C. § 83(b)(5). Further, it appears that Plaintiff himself contemplated that this action would or should be filed in the Northern District of Oklahoma, as he captioned his Complaint as being filed in that court and has requested a copy of that court's local rules. *See* Compl. at 1; Doc. No. 1-2; *see also* Fed. R. Civ. P. 10(a).

Because the two Defendants against whom claims are asserted reside in the Northern District of Oklahoma, and the claims arise from events or omissions that took place in the Northern District of Oklahoma, venue properly lies in that district rather than this one. *See* 28 U.S.C. § 1391(b)(1), (b)(2), (e)(1); *see also* 28 U.S.C. § 1402(b). Alternatively, venue possibly would lie where Plaintiff resides: Fayetteville, Washington County, Arkansas, which is in the territorial jurisdiction of the Western District of Arkansas. *See* 28 U.S.C. §§ 83(b)(5), 1391(e)(1), 1402(b); Compl. at 1.

Accordingly, the Court "shall dismiss, or if it be in the interest of justice, transfer" this case to either the Northern District of Oklahoma or the Western District of Arkansas. *See* 28 U.S.C. § 1406(a); *see, e.g.*, *Wickman v. Rogers Cnty.*, No. CIV-12-1138-M, Report and Recommendation at 3 (W.D. Okla. Nov. 20, 2012) (Bacharach, J.), *adopted*, Order (W.D. Okla. Dec. 17, 2012) (considering 42 U.S.C. § 1983 claim); *Peel v. United States*, No. 13-CV-95-TCK-TLW, 2013 WL 6816370, at *3 (N.D. Okla. Dec. 20, 2013) (considering *Bivens* claim). *See generally Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

Here, the Court should dismiss the action rather than exercise its discretion to transfer the action to another judicial district. The matter has been pending in this Court for only a few days and Plaintiff has paid no filing fee. Dismissal thus would cause no undue prejudice to Plaintiff and would allow for possible amendment and refiling of his action in a proper judicial district. *See Trujillo*, 465 F.3d at 1217 (noting that dismissal upon screening is appropriate where plaintiff cannot allege facts to support venue); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (upholding sua sponte dismissal of action for improper venue pursuant to 28 U.S.C. §§ 1406(a) and 1391(b) when "the district court found no basis whatsoever for venue," there was no identifiable statute of limitations issue, and the district court informed the plaintiff of the appropriate district to hear his complaints).

Further, an initial inquiry into the merits of Plaintiff's claims indicates that a transfer predicated upon the Complaint as currently drafted would prove futile and, consequently, would not "be in the interest of justice." *See* 28 U.S.C. § 1406(a); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). "[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150. Plaintiff's Complaint fails to state a claim upon which relief could be granted, as it does not include "enough facts to state a claim to relief that is plausible on its face." *See* Compl.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As a threshold matter, Plaintiff fails to sufficiently identify the relevant federal officials at USPS and USDVA against whom his *Bivens* claim is raised. *See, e.g.*,

Compl. at 2 (identifying individual defendant(s) only as "local mental health provider @ clinic"). Next, the Complaint's two conclusory bullet points of alleged wrongdoing contain no "short and plain statement of the claim"—e.g., Defendants "violated civil rights" and "caus[ed] hardship"—and are not sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Twombly*, 550 U.S. at 555 (footnote, citation, and internal quotation marks omitted); Compl. at 2; 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 8(a)(2), 12(b)(6).

In addition, Plaintiff's Complaint contains a reference to a "duty" violated by USDVA, potentially implicating a tort claim; however, the assertions of the Complaint do not adequately allege any tort claim upon which relief could be granted or state the grounds for this Court's jurisdiction over such a claim. *See* Compl. at 2; 28 U.S.C. § 1915A(b); Fed. R. Civ. P. 8(a)(1)-(2), 12(b)(6). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If Plaintiff is attempting to bring a federal tort claim, he moreover has offered no indication that he exhausted his administrative remedies, as required, prior to commencing this lawsuit. *See*, *e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, this cause of action should be dismissed, without prejudice to its refiling in the proper judicial district, pursuant to 28 U.S.C. §§ 1406(a) and 1915A(b). *See* Fed. R. Civ. P. 41(b); *Johnson*, 233 F. App'x at 853-54.

## RECOMMENDATION

Based upon these considerations, the undersigned recommends that this action be dismissed without prejudice for improper venue. Plaintiff's pending Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) should be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 16, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 25th day of June, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE